ACCEPTED
08-23-00271-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/29/2024 5:11 PM
ELIZABETH G. FLORES
CLERK

08-23-00271-CV

**ORAL ARGUMENT NOT REQUESTED**

RECEIVED IN
8th COURT OF APPEALS
EL PASO, TEXAS

10/29/2024 5:11:22 PM

ELIZABETH G. FLORES
Clerk

**COURT OF APPEALS**
**EIGHTH DISTRICT OF TEXAS**
**EL PASO, TEXAS**

---

**NO. 08-23-00271-CV**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

10/31/2024 10:01:00 AM

ELIZABETH G. FLORES
Clerk

**LABOE LABRADO**

Appellant,

**v.**

**AURORA LEGARRETA**

Appellee.

---

**REPLY BRIEF OF APPELLANT**

---

Laura Enriquez
State Bar No. 00795790
LAURA ENRIQUEZ AND
ASSOCIATES LAW FIRM, PLLC
1212 Montana Avenue
El Paso, Texas 79902
(915) 335-0333
enriquez@leeplaw.com

Attorney for Appellant

**TABLE OF CONTENTS**

**PAGE**

Table of Contents............................................................................................i

Index of Authorities ..................................................................... ii

Summary of Reply Argument ........................................................1

Reply Argument ............................................................................2

      I.      The evidence pointed to in Appellee's brief is legally and
            factually insufficient to establish actual fraud by Laboe Labrado .........2

      II.    *Helmer* is not applicable standard for piercing the corporate veil
            in this case.........................................................................................4

Conclusion ....................................................................................5

Prayer ...........................................................................................6

Certificate of Compliance..............................................................7

Certificate of Service.....................................................................7

# INDEX OF AUTHORITIES

**CASES**

*Helmer v. Rusco Operating, LLC*, 2022 Tex App. Lexis 2100 ………………………..1,2,4,5

*Hoffman v. Dandurand*, 180 S.W.3d 340, 347 (Tex-App Dallas 2005, no pet.)………5

*Mancorp v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990)………………………………….3

*Moore v Hooters of America, LLC, 2023 Tex. App. LEXIS 2091*………………………….3

*TransPecos Banks v Strobach,* 487 S.W.3d, 722, 731
    (Tex. App.—El Paso 2016, no pet.) ………………………………………………………1

**STATUTES**

TEX. BUS. ORGS. CODE § 21.223 ……………………………………………………………………4
TEX. BUS. ORGS. CODE § 101.002 ………………………………………………………………….4

**SUMMARY OF REPLY ARGUMENT**

Appellee continues to make a closing argument on matters rejected by the jury that are irrelevant to this appeal. There is no evidence or factually insufficient evidence of actual fraud which is defined as involving dishonesty of purpose or intent to deceive. *TransPecos Banks v. Strobach,* 487 S.W.3d 722, 731 (Tex. App—El Paso 2016, no pet.). Evidence of the use of a personal credit card by Laboe Labrado, the use of his credit history to purchase vehicles used in the business for the benefit of El Paso Bright Beginnings, LLC, no corporate formalities, and alleged fraudulent transfers do not rise to the level of actual fraud as defined by the statute. Evidence that Laboe Labrado alleged took any monies from El Paso Bright Beginnings is also irrelevant since he was a member of the LLC. The jury rejected all claims of fraudulent transfers. CR 342-351.

The facts were undisputed that the bankruptcy was filed more than two years and three months after the lawsuit because of the loss of enrollment. CR5 and RR52. Any argument by Appellee that the jury rejected the reason for the filing of the bankruptcy is speculation.

Appellee attempts to use the *Helmer v. Rusco* case in their brief to argue that intermingling of corporate and personal funds alone was sufficient to pierce the corporate veil based upon alter ego theory is misplaced. *Helmer v. Rusco*

1

*Operating, LLC* 2022 Tex App. Lexis 2100. The *Helmer* case decided the standard of piercing the corporate veil for the purpose of establishing personal jurisdiction only. *Id.* Footnote 5 of that opinion clearly explains that fraud which is vital to piercing the corporate veil under the Business Organization Code has no place in assessing veil piercing for the purpose of establishing jurisdiction. *Id.* at fn 5.

## REPLY ARGUMENT

**I.** **The evidence pointed to in Appellee's brief is legally and factually insufficient to establish actual fraud by Laboe Labrado**

The evidence pointed to by Appellee does not pertain to the issue appealed that there is no evidence to establish actual fraud. Appellee cites to alleged evidence of taking of El Paso Bright Beginnings monies, taking of corporate property for personal use, alleged disappearance of equipment, taking of corporate assets, Labrado's girlfriend use of a vehicle as an employee, 601 Resler claim, commingling of funds, conversion and misuse of corporate assets, charges to other businesses for rent, no corporate formalities, confusion of corporation, and change of maintained value to show that there is evidence to pierce the corporate veil. All of those issues are not evidence of actual fraud. Instead, Appellee reargues issues that the jury rejected on the fraudulent transfer of assets in questions nos. 4 and 5 in the jury charge as indicated in the judgment. CR 342-351. Any claimed transfers by Laboe Labrado in the bankruptcy court petition where he was questioned were

2

rejected by the jury. 2 RR 84, 86-87 and CR 342-351. The fact that the bankruptcy filing alleged manipulation of assets is not evidence but were merely allegations in a suit. Those allegations were prosecuted by Appellee in this case and the jury made no findings of any fraudulent transfers. CR 342-351. Those claims were rejected by the jury. *Id.* Appellee attempts to raise issues on the no liability findings that would have required an appeal.

Appellee failed to show that there was such unity between the Laboe Labrado and El Paso Bright Beginnings, LLC that the separateness of the single corporation has ceased. *See Mancorp v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990). A corporate affiliate like Laboe Labrado who was a member of the LLC may be held liable for a corporation's obligations only if it demonstrates that the affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the oblige primarily for the direct personal benefit of the affiliate. *Id.* Actual fraud involves dishonesty of purpose or intent to deceive. *Id.* at 731. In *Moore v. Hooters of America*, the Court explained that corporations including, as here, limited liability corporations are separate legal entities that insulate owners and/or shareholders from personal responsibility. *Moore v. Hooters of America, LLC,* No. 11-21-00168-CV, 2023 Tex. App. LEXIS 2091 at 6-7 (Tex. App.-Eastland March 30, 2023, pet. denied.) Accordingly, there is nothing illegal or wrong with a growing

business dividing sectors of that business and/or assets and separating them into distinct corporations or businesses, even if one of the reasons for doing so it to minimize the assets at risk in the event of a liability lawsuit. *Id.*

In this case, the daycare was set up as a limited liability company. It was not done to perpetuate any fraud on the Appellee. The evidence that Appellee points to does not pertain to the fraud required by Texas law and the Business Organization Codes. *See* TEX. BUS. ORGS. CODE § 21.223; *See* TEX. BUS. ORGS. CODE §101.002. The facts were undisputed that the bankruptcy was filed more than two years and three months after the lawsuit because of the loss of enrollment. CR5 and RR52. Any argument by Appellee that the jury rejected the reason for the filing of the bankruptcy is speculation.

**II.     *Helmer* is not applicable standard for piercing the corporate veil in this case**

Appellee attempts to use the *Helmer v. Rusco* case in their brief to argue to the Court that intermingling of corporate and personal funds alone is sufficient to pierce the corporate veil based upon alter ego theory. *Helmer v. Rusco Operating, LLC* 2022 Tex App. Lexis 2100. However, the *Helmer* case decided the standard of piercing the corporate veil for the purpose of establishing personal jurisdiction only. *Id.* Footnote 5 of that opinion clearly explains that fraud which is vital to piercing the corporate veil under the Business Organization Code has no place in

assessing veil piercing for the purpose of establishing jurisdiction. *Id.* at fn 5. *Helmer* only established what are sufficient minimum contacts for the exercise of personal jurisdiction when there is an attempt to pierce the corporate veil. *Id.* The standard delineated by the Appellee in this case is irrelevant to the analysis in this appeal. However, even in *Helmer*, the Court states that the fact that on several occasions the member of the LLC withdrew funds and used the funds for an unrelated purpose is insufficient to pierce the corporate veil because a member is entitled to receive distribution of company funds. *Id.* citing *Hoffman v. Dandurand*, 180 S.W.3d 340, 347 (Tex-App Dallas 2005, no pet.) Furthermore, the Court reversed the denial of the special appearance. *Helmer v. Rusco Operating, LLC* 2022 Tex App. Lexis 2100.

Additionally, the *Helmer* case does not stand for the proposition that the intermingling of corporate and personal funds alone was sufficient to pierce the corporate veil based upon alter ego theory as stated in Appellee's brief. *Id.* Even if that were the case, that Court was only determining whether sufficient minimum contacts exist to establish personal jurisdiction without the requirement of fraud which is necessary and missing in Appellee's case. *Id.* at fn 5.

In conclusion, there was no evidence or factually insufficient evidence of actual fraud by Laboe Labrado.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant LABOE LABRADO respectfully prays that the Court reverse the judgment of the trial court and render judgment that Plaintiff take nothing against LABOE LABRADO.

Respectfully submitted,

By;  */s/ Laura Enriquez*
Laura Enriquez
State Bar No. 00795790
**LAURA ENRIQUEZ AND ASSOCIATES LAW FIRM, PLLC**
1212 Montana Avenue
El Paso, Texas 79902
(915) 335-0333
enriquez@leeplaw.com

**CERTIFICATE OF COMPLIANCE**

This Brief of Appellant complies with the type-volume limitations of Rule 9.4(i)(2)D because this Brief contains 1232 words, excluding the parts of the Brief exempted by Tex. R. App. P. 9.4(i)(1).


_____/s/ Laura Enriquez_____
Laura Enriquez


**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October 2024, a true and correct copy of this Brief of the Appellant was electronically filed with the Clerk of the Court using the e-filing system service provider, which will serve a copy of same on the following counsel for Appellee:

James Scherr
Rodrigo V. Ramos
Scherr & Legate, PLLC
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759
jamesscherr@scherrlegate.com
rramos@scherrlegate.com


_____/s/ Laura Enriquez_____
Laura Enriquez

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 795790
jwilliams@leeplaw.com
Envelope ID: 93715040
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: REPLY BRIEF OF APPELLANT
Status as of 10/31/2024 9:14 AM MST

Associated Case Party: Laboe Labrado

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@leeplaw.com | 10/29/2024 5:11:22 PM | SENT |

Associated Case Party: Aurora Legarreta

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Scherr | 17745400 | jim@jamesscherrlaw.com | 10/29/2024 5:11:22 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rodrigo Ramos | 794494 | rramos@scherrlegate.com | 10/29/2024 5:11:22 PM | SENT |
| Jeanette Williams | | jwilliams@leeplaw.com | 10/29/2024 5:11:22 PM | SENT |
| Priscilla Franco | | pfranco@scherrlegate.com | 10/29/2024 5:11:22 PM | SENT |
| Adrian Acosta | | adacosta@scherrlegate.com | 10/29/2024 5:11:22 PM | SENT |